LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
691 State Highway 33
Trenton, New Jersey  08619
(609) 890-1500
(609) 890-6961 - facsimile
bwh@hofmeisterfirm.com
Attorney for Debtor

|  |  |
|---|---|
| In the Matter of:<br><br>AMERIRESOURCE TECHNOLOGIES, INC.,<br><br>         Debtor. | ) UNITED STATES BANKRUPTCY COURT<br>) FOR THE DISTRICT OF NEW JERSEY<br>)<br>) CASE NO. 15-23617<br>)<br>)<br>) |

# PLAN OF REORGANIZATION OF AMERIRESOURCE TECHNOLOGIES, INC.

Ameriresource Technologies, Inc. (the "Debtor"), Debtor/Plan Proponent respectfully submits its Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

                                    AMERIRESOURCE TECHNOLOGIES, INC.


                                     /s/William Robins
                                    William Robins, President


Dated: March 9, 2016

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS | | 1 |
| | A. | General Overview | 1 |
| | B. | Definitions | 1 |
| | C. | Unclassified Claims | 7 |
| | | 1. Administrative Expenses and Fees | 7 |
| | | 2. Priority Tax Claims | 9 |
| | D. | Classified Claims and Interests | 9 |
| | | 1. Classes of Secured Claims | 9 |
| | | 2. Priority Non-Tax Claims | 10 |
| | | 3. Class of General Unsecured Claims | 10 |
| | | 4. Class(es) of Equity Interest Holders | 11 |
| | E. | Acceptance or Rejection of Plan | 12 |
| | F. | Means of Effectuating the Plan | 12 |
| | | 1. Funding for the Plan | 12 |
| | | 2. Post-Confirmation Management | 13 |
| | | 3. Disbursing Agent | 13 |
| III. | TREATMENT OF MISCELLANEOUS ITEMS | | 13 |
| | A. | Executory Contracts and Unexpired Leases | 13 |
| | | 1. Assumptions | 13 |
| | | 2. Rejections | 14 |
| | B. | Changes in Rates Subject to Regulatory Commission Approval | 14 |
| | C. | Retention of Jurisdiction | 14 |
| | D. | Procedures for Resolving Contested Claims | 14 |
| | E. | Notices Under the Plan | 15 |
| IV. | EFFECT OF CONFIRMATION OF PLAN | | 15 |
| | A. | Discharge | 15 |
| | B. | Revesting of Property in the Debtor | 16 |
| | C. | Modification of Plan | 16 |
| | D. | Post-Confirmation Conversion/Dismissal | 16 |
| | E. | Post-Confirmation Quarterly Fees | 16 |
| | F. | Release | 17 |

# I.

# INTRODUCTION

AmeriResource Technologies, Inc. (the "Debtor") is the Debtor in a Chapter 11 bankruptcy case. On July 21, 2015, the Debtor commenced a bankruptcy by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by a reorganization of its affairs. The Debtor is the Proponent of the Plan. The Effective Date of the proposed Plan shall be the date upon which the Order of Confirmation is entered by the Court and becomes a final, non-appealable order.

# II

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.   **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B.   **Definitions.**

**Scope of Definitions.**     For purposes of this Plan, except as expressly otherwise provided

or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.   **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.   **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity

Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1879, as amended, and as codified in Title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which AmeriResource Technologies, Inc. is the Debtor.

10. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of

performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in Section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18. **Debtor(s)** shall mean AmeriResource Technologies, Inc.

19. **Disbursing Agent** shall mean the Debtor or any party appointed by and subject to Court

approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21. **Effective Date** shall mean the date upon which the Confirmation Order becomes a Final, non-appealable Order.

22. **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23. **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

24. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25. **Imparied** when used an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Sections 507(a)(2), (3), (4), (5), (6), or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 case of the Debtor.

33. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professional retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, and 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35. **Proponent** means AmeriResource Technologies, Inc.

36. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38. **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Court to have arisen prior to the Petition Date for such Debtor, and which

is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under Sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

39. **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

### C. Unclassified Claims

Certain types of claims are not placed into voting classes. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class:

#### 1. Administrative Expenses and Fees

Administrative expenses are claims for fees, costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1), including all professional compensation requests pursuant to Section 330 and 331 of the Code. The Code requires that all administrative expenses including fees payable to the Bankruptcy Court and the Office of the United States Trustee which were incurred during the pendency of the case must be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's unpaid administrative fees and expenses ("Compensation"), an estimate of future professional fees and other administrative claims and fees and

7

their treatment under the Plan:

| Name | Amount Estimated | Treatment | Type of Claim |
|---|---|---|---|
| Law Office of Brian W. Hofmeister, LLC | $20,000.00 **Estimated as of March 2016** | Paid in Full on Effective Date or as otherwise agreed | attorney fees |
| Office of the U.S. Trustee Fees | $0.00 | Paid in Full on Effective Date | administrative |
|  | TOTAL $20,000.00 |  |  |

**Court Approval of Professional Compensation Required:**

Pursuant to the Bankruptcy Code, the Court must rule on all professional compensation and expenses listed in this chart before the compensation and expenses will be owed. The professional in question must file and serve a properly noticed fee application for compensation and reimbursement of expenses and the Court must rule on the application. Only the amount of compensation and reimbursement of expenses allowed by the Court will be owed and required to be paid under this Plan as an administrative claim.

Each professional person who asserts a further administrative claim that accrues before the confirmation date shall file with the Bankruptcy Court, and serve on all parties required to receive notice, an application for compensation and reimbursement of expenses no later than thirty (30) days after the Effective Date of the Plan. Failure to file such an application timely shall result in the professional person's claim being forever barred and discharged. Each and every other person asserting an administrative claim shall be entitled to file a motion for allowance of the asserted administrative claim within ninety (90) days of the Effective Date of the Plan, or such administrative claim shall be deemed forever barred and discharged. No motion or application is required to fix the fees payable to the Clerk's Office or Office of the United States Trustee. Such fees are determined by statute.

As indicated above, the Debtor will need to pay **$20,000.00** worth of administrative claims and fees on the Effective Date of the Plan unless a claimant has agreed to be paid later or the Court has not yet ruled on the claim.

### 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a Section 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the date of the Petition.

The following chart lists <u>all</u> of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
| --- | --- | --- |
| Internal Revenue Service | $2,000.00 - per Proof of Claim, Claim No. 6 | To be paid in full as of the Effective Date |

### D. Classified Claims and Interests

#### 1. Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes of creditors containing the holders of the Debtor's secured pre-petition claims and their treatment under this Plan.

| Description | Amount Owed | Treatment |
| --- | --- | --- |
| Payroll Funding Company, Inc. | $585,243.48 | This creditor will be paid over sixty (60) months. In addition, this creditor has agreed to reduce its interest rate on its secured note from 12% to 6%. |

**THIS CLASS IS IMPAIRED BY THE PLAN.**

**Class Number 2 - Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in Code Section 507(a)(1), (3), (4), (5), (6), and (7) are required to be placed in classes. The types of claims are entitled to priority treatment.

| Description | Amount Owed | Treatment |
|---|---|---|
| None | | |

**Class Number 3** - **General Unsecured Claims**

General unsecured claims are uncollateralized claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

| Name | Claim Amount (Scheduled or Proof of Claim Amount) | Treatment |
|---|---|---|
| Akron & Associates | $55,000.00 - Scheduled | To be paid on a pro rata basis |
| Broadridge Financial Solutions | $1,066.64 - Proof of Claim, Claim No. 7 | To be paid on a pro rata basis |
| Concourse Executive Suites | $18,244.00 - Scheduled | To be paid on a pro rata basis |
| Desert Vista Capital, LLC | $120,000.00 - Scheduled | To be paid on a pro rata basis |
| Internal Revenue Service | $3,000.00 - Proof of Claim, Claim No. 6 | To be paid on a pro rata basis |
| Interwest Transfer Co. | $4,060.00 - Scheduled | To be paid on a pro rata basis |
| Lynn Barton | $172,400.00 - Proof of Claim, Claim No. 4 | To be paid on a pro rata basis |
| Madsen Associates CPA, Inc. | $25,597.00 - Proof of Claim, Claim No. 1 | To be paid on a pro rata basis |
| Marilyn Janovec | $103,685.79 - Proof of Claim, Claim No. 8 | To be paid on a pro rata basis |
| Marilyn Janovec | $19,500.00 - Proof of Claim, Claim No. 9 | To be paid on a pro rata basis |

| | | |
|---|---|---|
| Market Wire | $2,705.00 - Scheduled | To be paid on a pro rata basis |
| Marty Berto & Carrie Cerenzie | $10,000.00 - Scheduled | Claim to be modified to Equity Class |
| NIR Group, Inc. | $234,000.00 - Scheduled | Claim to be expunged |
| SCS | $947.00 - Scheduled | To be paid on a pro rata basis |
| Strasburger & Price | $5,984.50 - Proof of Claim, Claim No. 5 | To be paid on a pro rata basis |
| Woltjen Law | $9,981.00 - Scheduled | To be paid on a pro rata basis |

The total amount of estimated allowed unsecured claims, as modified, are in the sum of $487,170.93.

The proposed dividend under the Plan to Class 3 General Unsecured Claimants is $243,585.47 payable over sixty (60) months. Class 3 claims will receive a distribution of 50% of allowed claims.

**THIS CLASS IS IMPAIRED BY THE PLAN.**

  **4.**  **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Delmar Janovec | 80% ownership of preferred stock | Yes | All old equity/membership interests shall be extinguished and receive no distribution or value. |
| Fractional Shareholders | This class also includes all shareholders listed in the Debtor's Schedule F | Yes | All old equity/membership interests shall be extinguished and receive no distribution or value. |

11

| Douglas J. Horton | Proof of Claim No. 2 as a secured claim. Motion to be filed to modify claim to equity holder. | Yes | All old equity/membership interests shall be extinguished and receive no distribution or value. |
|---|---|---|---|

**THIS CLASS IS IMPAIRED AND IS DEEMED TO HAVE REJECTED THE PLAN.**

E.  **Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest Holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

F.  **Means of Effectuating the Plan**

    1.  **Funding for the Plan**

The Plan will be funded by the following:

Payroll Funding Co. will be the plan sponsor and will put up $25,000.00 in new capital contribution and reduce the interest rate on its secured note from 12% to 6% in return for 100% of shares of stock of the Debtor.

    2.  **Post-Confirmation Management**.

Payroll Funding Co. shall manage the Debtor's operations.

    3.  **Disbursing Agent**

Payroll Funding Co. ("Disbursing Agent") shall act as the disbursing agent for the purpose of

making all distributions provided for under the Plan. The Disbursing Agent shall serve no bond and shall receive no funds from distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

A.  **Executory Contracts and Unexpired Leases**

1.  **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the organized Debtor under this Plan:

None.

All Executory Contracts and Unexpired Leases, except for those specifically assumed by the Debtor in writing or previously assumed by Court Order, shall be deemed rejected. All proofs of claim with respect to claims arising from said rejection must be filed with the Bankruptcy Court within the earlier of (1) the date set forth for filing claims in any order of the Bankruptcy Court approving such rejection or (ii) thirty (30) days after the Confirmation Date. Any such claims, proofs of which are not filed timely, will be barred forever from assertion.

2.  **Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING**

**FROM THE REJECTION OF A LEASE OR CONTACT WAS DECEMBER 21, 2015**.

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, under the Court later orders otherwise.

B. **Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of its rates.

C. **Retention of Jurisdiction**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

D. **Procedures for Resolving Contested Claims.**

The Debtor and/or Disbursing Agent shall have 60 days subsequent to confirmation to object to the allowance of claims. The Proponent has reviewed the claims that have been filed. The Proponent intends to object or cause the Disbursing Agent to object to the following number and amounts of claims in each class:

<u>Claim No. 3</u> - filed by the Internal Revenue Service is a duplicate of claim No. 6. Claim to be

14

expunged.

Claim No. 5 - filed by Douglas J. Horton as a secured claim. Motion to be filed to modify claim to class of equity holders.

Scheduled Claim of Marty Berto & Carrie Cerenzie - Motion to be filed to modify claim to class of equity holders as this creditor's claim is based upon purchased shares of stock in the Debtor.

Scheduled Claim of NIR Group, Inc. - Motion to be filed to expunge claim based upon the fact that this creditor's claim is for unperformed obligations when it ceased operating and filed for bankruptcy.

E.   **Notices Under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

>Brian W. Hofmeister, Esq.
>Law Firm of Brian W. Hofmeister, LLC
>691 State Highway 33
>Trenton, New Jersey 08619

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

A.   **Discharge**

This Plan provides that upon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11 U.S.C. § 1141. However, any liability imposed by the Plan will <u>not</u> be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall

be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate.  The provisions of this Plan shall be binding upon the Debtor, all Creditors and all Equity Interest Holders regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

B.      **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor.

C.      **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation.  However, the Court may require a new disclosure statement or revoting on the Plan if Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

D.      **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

E.  **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the Office of the United States' Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

F.  **Release**

Except as otherwise expressly provided for in this Plan, the distributions and rights afforded in the Plan shall be complete and full satisfaction and release, effective as of the Effective Date, of all Claims against the Debtor or any of its assets or properties of any nature whatsoever. Commencing on the Effective Date, except as otherwise expressly provided for in this Plan, all Claimants shall be precluded forever from asserting against the Debtor and its agents, employees, principals, members, directors, officers, shareholders, representative, guarantors, financial advisors, accountants, attorneys, or employees and its assets and properties any other or further liabilities, liens, Claims, encumbrances, or obligations, including but not limited to all principal and accrued and unpaid interest on the debts of the Debtor based on any act or omission, transaction or other activity or security instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date, that was or could have been the subject of any Claim, whether or not Allowed.

Pursuant to Rule 9019 of the Bankruptcy Rules, confirmation of the Plan shall constitute, and all consideration distributed under this Plan shall be in exchange for and in complete satisfaction, settlement, and release of and an injunction against, all as of the Effective Date, any and all Claims, demands, allegations or causes of action, against the Debtor, its principals, guarantors, agents, representatives, directors, officers, shareholders, members, employees, financial advisors, accountants,

attorneys, or employees for any liability for actions taken or omitted to be taken in a final decree.

                                            AMERIRESOURCE TECHNOLOGIES, INC.


                                            */s/William Robins*
                                            William Robins, President

Dated: March 9, 2016